PROB 12C
(7/93)

RECEIVED
JAN 0 8 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

# United States District Court
## for the
## District of Alaska

Petition for Warrant or Summons for Offender Under Supervised Release

| | |
|---|---|
| Name of Offender: John Ross | Case Number: J03-0005-CR-JKS |
| Sentencing Judicial Officer: | James K. Singleton, Senior U.S. District Court Judge |
| Date of Original Sentence: | September 12, 2003 |
| Original Offense: | Theft of Public Money in violation of 18 U.S.C. § 641 |
| Original Sentence: | 18 months imprisonment, three years supervised release, $18,730 in restitution |
| Date Supervision Commenced: | September 30, 2004 |
| Asst. U.S. Attorney: Frank Russo | Defense Attorney: Kevin McCoy |

## PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Special Condition of Supervision " In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall participate in either or both impatient or outpatient treatment programs to be approved by the U.S. Probation Office for substance abuse treatment, which program shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that the defendant failed to report for drug testing as required on August 21; September 6, 15, and 18; November 15 and 29; and December 12 and 18, 2006. This violation is a Grade C violation. |
| 2 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from any unlawful use of a controlled substance," in that the defendant submitted to drug testing, which test returned positive for the presence of a controlled substance to wit: on September 29, 2006, the drug test returned positive for the presence of THC; on October 6 and 13, 2006, the drug tests returned positive for the presence of THC and Cocaine; on October 25, 2006, the drug test returned positive for the presence of THC and Cocaine; on November 20, 2006, the drug test returned positive for the presence of THC. This violation is a Grade C violation. |

Petition for Warrant or Summons
Name of Offender       :   John Ross
Case Number            :   J03-0005-CR-JKS

| | |
|---|---|
| 3 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment," in that the defendant was fired from his employment at Capitol Cab on approximately December 7, 2006, and failed to notify the probation officer as required. This violation is a Grade C violation. |
| 4 | The defendant has violated the Standard Condition of Supervision 2 " The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that as of January 4, 2007, the defendant has not submitted a Monthly Supervision Report as required for the months of June, July, August, September, October, November, or December, 2006. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

Respectfully submitted,

**REDACTED SIGNATURE**

Mary Frances Barnes
U.S. Probation/Pretrial Services Officer
Date: January 4, 2007

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer

-2-

*Petition for Warrant or Summons*
*Name of Offender* : John Ross
*Case Number* : J03-0005-CR-JKS

## THE COURT ORDERS

[X] *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  Other:

REDACTED SIGNATURE

~~James K. Singleton~~ John W. Sedwick
~~Senior~~ Chief U.S. District Court Judge

1-08-07
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio*, 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

United States District Court
for the
DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) ) ) | Case Number: J03-0005-01CR (JKS) |
| vs. ) ) | DECLARATION IN SUPPORT OF PETITION |
| John Ross ) ) | |

I, Mary Frances Barnes, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for John Ross, and in that capacity declare as follows:

On September 12, 2003, Ross was convicted of Theft of Public Money and was sentenced to 18 months imprisonment, three years supervised release, and ordered to pay $18,630 in restitution.

On September 30, 2004, Ross was released from the custody of the Bureau of Prisons and began his term of supervised release.

On October 15, 2004, the probation officer traveled to Juneau to meet Ross and initiate supervision. Conditions of supervised release were read, reviewed and signed by Ross and the probation officer. The probation officer provided Ross with instructions for the call-in random drug testing program.

On approximately March 1, 2005, Ross traveled to Sitka to have his gall bladder removed at the SEARCH Hospital.

On April 8, 12, and 27, 2005, Ross submitted to drug testing which test returned positive for the presence of cocaine.

On April 28, 2005, the probation officer called Ross and discussed the three drug tests which returned positive for cocaine. Ross advised the probation officer that be believed that the pain medication associated with his surgery the previous month triggered a relapse into drug use.

On May 2, 2005, the Juneau Police Department conducted a traffic stop on the vehicle Ross was driving. Ross was subsequently cited for Driving with an Open Container (of alcohol). Ross failed to notify the probation officer of the contact with law enforcement as required.

On May 9 and 12, 2005, Ross submitted to drug testing, which tests returned positive for the presence of THC.

*John Ross*
*Affidavit*

On May 20, 2005, Ross was referred for substance abuse treatment at Gastineau Human Services.

On June 6 and 15, 2005, Ross submitted to drug testing, which tests returned positive for the presence of THC.

On June 20, 2005, the probation officer received the substance abuse assessment report from Gastineau Human Services which recommended that Ross participate in treatment.

On July 5, 2005, Ross submitted to drug testing, which test returned positive for the presence of THC.

On July 19, 2005, Ross submitted to drug testing, which test returned positive for the presence of THC and Cocaine.

On July 27, 2005, the probation officer filed a Petition to Revoke alleging Count 1, that Ross submitted to drug testing which tests returned positive for the presence of controlled substances to wit: submitted to drug testing on April 12 and 27, 2005, which tests returned positive for the presence of cocaine; submitted to drug testing on May 9, 19, June 6 and 15, and July 5, 2005, which tests returned positive for the presence of THC. Count 2, that Ross failed to report for drug testing on May 24, June 28, and July 14, 2005.

On July 28, 2005, Ross began substance abuse treatment at Gastineau Human Services. The delay in Ross starting treatment stemmed from Gastineau Human Services and through no fault on the part of Ross. However, Ross continued to submit to drug testing which tests returned positive for controlled substances pending the initiation of treatment.

On December 8, 2005, in an Initial Hearing before Magistrate Judge Pallenberg, Ross denied the allegations and an Evidentiary Hearing was postponed for approximately 90 days to allow Ross to participate in substance abuse treatment.

On March 06, 2006, the defendant completed the Intensive Outpatient Treatment Program at Gastineau Human Services. Ross was subsequently referred to the Extended Care Treatment Program for group counseling twice a month.

On March 14, 2006, Judge Beistline signed for Judge Singleton, an Order to Dismiss the Petition Without Prejudice.

On August 21, 2006, Ross failed to report for drug testing as required.

On September 6, 15, and 18, 2006, Ross failed to report for drug testing as required.

*John Ross*
*Affidavit*

On October 6, and 13, 2006, Ross submitted to drug testing, which tests returned positive for the presence of THC.

On October 25, 2006, Ross submitted to drug testing, which test returned positive for the presence of THC and Cocaine.

On November 15, 2006, Ross failed to report for drug testing as required.

On November 20, 2006, Ross submitted to drug testing, which test returned positive for the presence of THC.

On November 29, 2006, Ross failed to report for drug testing as required.

On December 7, 2006, the probation officer traveled to Juneau and conducted an unannounced visit to Ross's employment at Capitol Cab. An unidentified female was sitting in the dispatcher position who advised the probation officer that she was hired approximately December 1, 2006, to replace Ross who was fired.

On December 12 and 18, 2006, Ross failed to report for drug testing as required.

On January 4, 2007, the probation officer received confidential information from a Juneau Police Department Officer stating that Ross has been observed using a lot of crack and cocaine and is known to frequent a "crack house."

As of January 4, 2007, Ross has not submitted a Monthly Supervision Report for the months of June, July, August, September, October, November, or December, 2006. Additionally, the last restitution payment Ross submitted was in June 2006.

John Ross has absented himself from supervision and his drug use presents a danger to the community. Therefore, it is respectfully recommended that a warrant for Ross' arrest be issued.

Executed this 4th day of January, 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE

Mary Frances Barnes
U.S. Probation Officer

3