# United States District Court
for the
## District of Alaska
Petition for Warrant or Summons for Offender Under Supervised Release

RECEIVED
AUG 22 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK.

Name of Offender: John Ross                              Case Number: J03-00005-CR-JKS

Sentencing Judicial Officer:     James K. Singleton, Senior U.S. District Court Judge

Date of Original Sentence:       September 12, 2003

Original Offense:                Theft of Public Money in violation of 18 U.S.C. § 641

Original Sentence:               18 months imprisonment, three years supervised release, $18,730 in restitution

Date Supervision Commenced:      September 30, 2004

Asst. U.S. Attorney: Frank Russo                Defense Attorney: Kevin McCoy

## PETITIONING THE COURT

[X]  To issue a warrant
[ ]  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not possess a firearm, destructive device, or any other dangerous weapon," in that on July 30, 3007, U.S. Probation Officer Mary Frances Barnes conducted an unannounced home visit and observed five rifles in plain view leaning against the wall. This violation is a Grade B violation. |
| 2 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall pay any such restitution that remains unpaid at the commencement of the term of supervised release in accordance with a prescribed schedule," in that according to the Financial Litigation Unit of the U.S. Attorney's Office, the defendant has not made a restitution payment since June 2006. This violation is a Grade C violation. |

*Name of Offender        :        John Ross*
*Case Number             :        J03-00005-CR-JKS*

U.S. Probation Officer Recommendation:

    The term of supervised release should be:

        [X]    Revoked
        [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:


                                                      Respectfully submitted,

                                                      **REDACTED SIGNATURE**

                                                      Mary Frances Barnes
                                                      U.S. Probation/Pretrial Services Officer
                                                      Date: August 21, 2007

Approved by:


        REDACTED SIGNATURE
_____
Eric D. Odegard
Supervising U.S. Probation Officer

Name of Offender       :     John Ross
Case Number            :     J03-00005-CR-JKS

## THE COURT ORDERS

[X]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

REDACTED SIGNATURE

James K. Singleton
Senior U.S. District Court Judge

08/22/2007
Date

---

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

United States District Court
for the
DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
|  | ) | Case Number: J03-00005-CR-JKS |
| vs. | ) | DECLARATION IN SUPPORT OF PETITION |
| John Ross | ) | |

I, Mary Frances Barnes, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for John Ross, and in that capacity declare as follows:

On September 12, 2003, John Ross was convicted of Theft of Public Money in violation of 18 U.S.C. 641 and sentenced to 18 months imprisonment, three years supervised release, and ordered to pay restitution of $18,730. Ross was released from the custody of the Bureau of Prisons on September 30, 2004, when he began his term of supervised release.

On October 15, 2004, the probation officer read, reviewed, and signed conditions of supervision with Ross. Additionally, Ross signed a Firearms and Explosives Notice which advised Ross that he was prohibited by the Federal Criminal Code from possession of firearms.

On October 15, 2004, Ross signed a Payment Instructions form, witnessed by the probation officer, which instructed Ross to pay $25 a month toward restitution.

On July 30, 2007, the probation officer conducted an unannounced home visit to the residence where Ross lives at 213 Harris, Juneau, Alaska. Ross answered the door, advised the probation officer he had been sleeping, and escorted the probation officer to the room he shares with his long time girlfriend Kristeen Peterson. The residence is owned by Ms. Peterson's Aunt Elizabeth Govina, who allows Ross and Peterson to occupy a bedroom in return for work on the house.

Upon entering the bedroom the probation officer observed beer cans and empty bottles of alcohol scattered in the bedroom. The probation officer discussed with Ross the fact that Ross just completed a 28-day inpatient alcohol program and the recent alcohol use. Ross admitted that he just came off of a ten-day drinking binge. The probation officer discussed with Ross increasing his after-care program at Gastineau.

The probation officer observed several bottles of vitamins on a shelf as she was leaving the room. Ross advised the probation officer that his girlfriend Kristeen, would be getting them out of the room as soon as she came home. When the probation officer indicated a confusion as to what Ross was talking about, Ross pointed to five rifles sitting against the wall in the door frame. The probation officer observed no ammunition in close proximity to the firearms or anywhere in the bedroom.

Ross said that the rifles belonged to his girlfriend and they had not "gotten around to getting them out." Ross indicated that he is aware that he is prohibited from being around firearms but that he "just didn't get around to taking care of it." Ross was told that the firearms have to get out of the residence immediately. Ross said that the firearms were previously at Kristeen's friend's house, but that the firearms can stay at the next-door neighbor's house until Kristeen comes home from work.

The probation officer examined the firearms and insured they were not loaded and then carried the firearms to the neighbor's house which belongs to James Baldwin and Mary Anne Slemmons. No one was home at the neighbor's house. The firearms were left on a table on a back porch of the residence at 227 Harris.

The probation officer called Supervising U.S. Probation Officer Eric Odegard and a decision was made to seize the firearms. The probation officer contacted the FBI office in Juneau and requested assistance. Special Agent Steve Larson accompanied the probation officer to 227 Harris and the firearms were found as they had been left approximately two hours previous.

The probation officer went to Ross's residence and explained to Ross that the firearms were going to be seized and requested Ross accompany the probation officer back to 227 Harris.

In the presence of Ross SA Larsen checked and confirmed that all the firearms were not loaded with ammunition. SA Larsen assisted the probation officer to record the make/model and serial number of all the firearms. A receipt was prepared and a copy provided to Ross who signed each copy.

The firearms were then transported to the FBI office in Juneau for storage.

On July 30, 2007, in the evening hours, the probation officer returned to Ross' residence. Ross was not present at the residence and the probation officer spoke with Kristeen Peterson. Ms. Peterson confirmed that the firearms belonged to her. Some of the firearms were antiques given to her by family members. Ms. Peterson explained that she and Ross had an argument and she kicked Ross out of the residence. While Ross was out of the residence Ms. Peterson retrieved the firearms from a friend's house. Ms. Peterson said that when Ross returned to the residence she "just didn't think about it" but knows that Ross is not allowed to be around firearms. Ms. Peterson said that she felt very bad about the situation and did not intend to get Ross into trouble.

On August 2, 2007, the probation officer conducted a criminal history check on Ms. Peterson through APSIN and found that Ms. Peterson has no arrests or criminal convictions.

On August 21, 2007, the Financial Litigation Unit of the U.S. Attorney's Office advised the probation officer that Ross has not made a restitution payment since June 2006.

As of August 21, 2007, the probation officer learned that Ross no longer worked at his job at Capitol Cab, and failed to advise the probation officer as required.

On August 21, 2007, the probation officer was notified that the Juneau Police Department who responded in the early morning hours to a disturbance where Ross was intoxicated and arguing with a cab driver. The police officer transported Ross to his residence at 231 Harris, and no charges were filed.

The probation officer has been unable to contact Ross since August 1, 2007. Because Ross has committed an offense for which he could be charged as a felony and his current whereabout are unknown, the probation officer respectfully requests a warrant for arrest be issued.

Executed this 21st day of August, 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE

Mary Frances Barnes
U.S. Probation Officer

3